IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INGRID BILAL, et al.,

   Plaintiffs,

    v.

WELLS FARGO BANK, N.A.
as Trustee for Harborview Mortgage
Loan Trust 2006-12,

   Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-3708-TWT

**OPINION AND ORDER**

The Defendant has filed three successive motions to dismiss, one to dismiss the original complaint, one to dismiss the first amended complaint, and, most recently, one to dismiss the second amended complaint. The Defendant contends that the Plaintiffs' claims for attempted wrongful foreclosure, wrongful foreclosure, breach of contract, negligent mortgage servicing, and negligence or wantonness per se must be dismissed for various deficiencies in law or fact. The Court agrees.

**I. Background**

The Plaintiffs, Ingrid and Nahir Bilal, purchased property located at 2100 Indian Shoals Drive, Loganville, Georgia 30052 (the "Property") on November 4, 2006. The Plaintiffs obtained a mortgage through Bayrock Mortgage Corporation.

Their agreement was memorialized in a security deed. (Compl. Ex. A, at 19, the "Security Deed"). The Plaintiffs also executed a promissory note on November 4, 2006, for $383,200. (Id. at 37, the "Note"). The Security Deed named Mortgage Electronic Registration System, Inc. ("MERS"), as nominee. MERS assigned its interest in the Security Deed to the Defendant, Wells Fargo Bank, N.A., as Trustee for the Harborview 2006-12 Trust Fund ("Wells Fargo"), on April 29, 2008. (Compl. Ex. C); (Sec. Am. Compl. ¶¶ 3-7).

In 2010, the Plaintiffs executed a loan modification agreement for the Property with BAC Homes Loans Servicing, LP. BAC then transferred the servicing rights to the loan to Select Portfolio Servicing, Inc. On January 31, 2012, Select Portfolio Servicing sent the Plaintiffs a notice of their default and informed them of their right to cure. The Plaintiffs allege that Wells Fargo made no efforts to cooperate with the Plaintiffs in curing their deficiency. On August 24, 2012, Wells Fargo notified the Plaintiffs that it intended to exercise its power of sale and conduct a non-judicial foreclosure on the Property. (Sec. Am. Compl. ¶¶ 18-26).

The Plaintiffs filed a complaint in the Superior Court of Rockdale County on September 28, 2012. The Defendant removed the case on October 24, 2012, and moved to dismiss the complaint on March 13, 2013. The Plaintiffs amended their complaint on April 8, 2013. The Defendant again moved to dismiss the complaint on

May 2, 2013, and the Plaintiffs filed a second amended complaint, without leave from the Court, on May 28, 2013. The second amended complaint lists claims for wrongful attempted foreclosure, wrongful foreclosure, breach of contract, negligent mortgage servicing, negligence per se, injunctive relief, and punitive damages. The Defendant filed the instant motion to dismiss all claims on June 14, 2013.

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753

F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

### III.  Discussion

####  A.    The Plaintiffs' Claim for Attempted Wrongful Foreclosure

To show wrongful attempted foreclosure, the Plaintiffs must establish "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Aetna Finance Co. v. Culpepper, 171 Ga. App. 315, 319 (1984). The Plaintiffs have not shown that the Defendant published any untrue information. In general, the Plaintiffs argue that the Defendant improperly published notice of its intent to foreclose because it did not have the authority to foreclose. The Plaintiffs also argue that the notice of foreclosure itself was improper. These arguments are without merit.

First, the Defendant properly held the Security Deed at the time it issued the notice of foreclosure. The Security Deed provided that "Borrower does hereby grant and convey to MERS… and the successors and assigns of MERS, forever, with the power of sale," the Property. (Security Deed, [Doc. 1, Ex. A, at 21]). MERS in turn

assigned its interest to the Defendant on April 29, 2008. ([Doc. 1, Ex. A, at 52]). The Plaintiffs argue this assignment was invalid, but they were not parties to the assignment and do not have standing to challenge it. See Bandele v. Deutsche Bank Nat. Trust Co., No. 1:11-cv-4257-TWT, 2012 WL 1004990, at *2 (N.D. Ga. Mar. 22, 2012) ("[T]he Plaintiffs do not have standing to challenge the Assignment because they were not a party to the Assignment."). Further, assignments from MERS to foreclosing entities, such as the Defendant, have been consistently upheld. See, e.g., Woodberry v. Bank of America, N.A., No. 1:11-cv-3637, 2012 WL 113658, at *2 (N.D. Ga. Jan. 12, 2012); LaCosta v. McCalla Raymer, LLC, No. 1:10-cv-1171, 2011 WL 166902, at *3-4 (N.D. Ga. Jan. 18, 2011).

Next, the Defendant, as holder of the Security Deed, had the authority to foreclose. You v. JP Morgan Chase Bank, 293 Ga. 67, 74 (2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."). As noted, the Security Deed includes the power of sale. (See Security Deed, [Doc. 1, Ex. A, at 21]). Even if the Defendant did not possess the Note, it still had the authority to foreclose on the Property.

Finally, the Plaintiffs do not allege what was deficient about the notice of

foreclosure except that the Defendant was not authorized to issue it. See ([Doc. 1-1, at 58-60]). But, as noted above, the Defendant held the Security Deed and was authorized to foreclose. See You, 293 Ga. at 74. Further, there are no allegations that information in the notice of foreclosure was untrue or derogatory. Because the transfer of the Security Deed to the Defendant was proper, because the Defendant held the Security Deed when it instituted foreclosure proceedings, and because the notice of foreclosure did not contain any untrue or derogatory information, the Plaintiffs' claim for attempted wrongful foreclosure should be dismissed.

### B. The Plaintiffs' Claim for Wrongful Foreclosure

"[A] plaintiff asserting a claim of wrongful foreclosure [must] establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Brown v. Federal Nat'l Mort. Ass'n, No. 10-CV-03289, 2011 WL 1134716, at *6 (N.D. Ga. Feb. 28, 2011) (quoting Gregorakos v. Wells Fargo Nat'l Ass'n, 285 Ga. App. 744, 747-48 (2007)). As noted above, the Defendant properly held the Security Deed and was authorized to foreclose on the Property. The Plaintiffs do not otherwise state how they were injured by the Defendant. Accordingly, the Plaintiffs' claim for wrongful foreclosure should be dismissed.

### C. The Plaintiffs' Claim for Breach of Contract

The Plaintiffs' breach of contract claim rests on the Plaintiffs' alleged status as a third-party beneficiary to a Pooling and Services Agreement ("PSA") entered into between the Defendant and other, unidentified parties. In Georgia, "in order for a third party to have standing to enforce a contract… it must clearly appear from the contract that it was intended for his benefit. The more fact that he would benefit from performance of the agreement is not alone sufficient." Haldi v. Piedmont Nephrology Assocs., P.C., 283 Ga. App. 321, 323 (2007) (quoting Donalson v. Coca-Cola Co., 164 Ga. App. 712, 713 (1982)). Here, the Plaintiffs' complaint only conclusorily states that "[t]he Plaintiffs in this case is [sic] an intended Third Party Beneficiary PSA." (Sec. Am. Compl. ¶ 81). The Plaintiffs have not identified the agreement itself or even the parties to the agreement who are not the Defendant. There are no allegations explaining how the Plaintiffs are beneficiaries to a contract pooling their mortgage with numerous other mortgages. Accordingly, the Plaintiffs have not shown that they have standing to sue for a breach of the PSA, and the Defendant's motion to dismiss should be granted in this respect.

### D. The Plaintiffs' Claim for Negligent Mortgage Servicing

The Plaintiffs argue that the Defendant was negligent in servicing the Plaintiffs' mortgage because it did not properly credit payments and applied unauthorized

charges to the Plaintiffs' account. However, the second amended complaint does not enumerate any improper credits or charges. Additionally, the complaint states that Select Portfolio Servicing, Inc., not the Defendant, serviced the Plaintiffs' loan. Moreover, Georgia law does not recognize a claim for negligent mortgage servicing. See Anderson v. Deutsche Bank Nat'l Trust Co., No. 1:11-cv-4091-TWT-ECS, 2012 WL 3756512, at *9 (N.D. Ga. Aug. 6, 2012), adopted by 2012 WL 3756435 (N.D. Ga. Aug. 27, 2012) (noting that the Court was "unable to find any authority recognizing a tort action for negligent mortgage servicing under Georgia law."). Accordingly, the Plaintiffs' claim for negligent mortgage servicing should be dismissed.

### E.     The Plaintiffs' Claim for Negligence or Wantonness Per Se

The Plaintiffs contend that the Defendant is negligent per se because it extended loans in violation of various federal regulations. However, the Defendant was not involved in the origination in the Plaintiffs' loan. Indeed, according to the complaint, the Security Deed was not assigned to the Defendant until nearly two years after the loan was originated. (See Sec. Am. Compl. ¶¶ 3, 12). Further, the Plaintiffs have not alleged how the Defendant's purported negligence caused injury. Accordingly, this claim should be dismissed.

### F.    The Plaintiffs' Claims for Injunctive Relief and Punitive Damages

Because the Plaintiffs' substantive claims should be dismissed, the Plaintiffs' claims for injunctive relief and punitive damages should also be dismissed. See Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011) (requiring "a substantial likelihood of success on the merits" on an underlying claim before issuing injunctive relief); Martin v. Martin, 267 Ga. App. 596, 597 (2004) (citing Howell v. Ansley, 169 Ga. App. 935 (1984) ("Punitive damages cannot be awarded in the absence of any finding of compensatory damages.")).

### IV.  Conclusion

For the reasons set forth above, the Defendant's Motion to Dismiss for Failure to State a Claim [Doc. 14] is GRANTED. The Defendant's earlier Motion to Dismiss [Doc. 9] is DENIED as moot.

SO ORDERED, this 15 day of January, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge